HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDERSON & MIDDLETON COMPANY, a Washington corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>HON. DIRK KEMPTHORNE, in his official capacity as Secretary, United States Department of the Interior; HON. CARL ARTMAN, in his official capacity as Assistant Secretary, Indian Affairs, United States Department of the Interior; and STANLEY M. SPEAKS, in his official capacity as Regional Director, Bureau of Indian Affairs, United States Department fo the Interior , and John Does 1 through 20<br><br>    Defendant. | No. C07-5419 RBL<br><br>ORDER |

THIS MATTER comes before the court originally upon plaintiff's Motion for a Temporary Restraining Order, [ DKT # 2 ] but is now treated as a Motion for a Preliminary Injunction. Plaintiff has also filed a Motion to Stay. [DKT # 19]. Plaintiff seeks to enjoin defendants from granting the Quinault Indian Nation an opportunity to match Plaintiff's bid for twenty parcels of timber land located within the Quinault Indian reservation. All the land within the Quinault reservation is held by the Federal Government in trust for the Quinault Indian Nation. The Court for the reason stated below, dismisses plaintiff's motion for preliminary injunction.

I.     **Relevant Facts.**

In July of 2006 The Bureau of Indian Affairs (hereafter BIA) received an application by Indian landowner, Helen Sanders, to sell twenty-six parcels of land, making up 1,462.58 acres within the Quinault Indian reservation. In June of 2007, the BIA issued an invitation for bids for Ms. Sanders' lands. Both plaintiff and the Quinault Indian Nation took advantage of the invitation and submitted bids for the twenty-six

ORDER
Page - 1

parcels of Ms. Sanders timber land.  On July 14, 2007, the sealed bids were opened by the BIA in Aberdeen, Washington.  At that time it was determined that the Quinault Indian Nation was the highest bidder for six of the parcels and Plaintiff was the high bidder for twenty of the parcels; these twenty parcels are the subject of this motion.  On July 23, 2007,  the BIA told Ms. Sanders that it intended to provide the Quinault Indian Nation with the opportunity to match Plaintiff's bid on the twenty parcels for which Plaintiff was the high bidder.  On July 30, 2007, the Quinault Indian Nation was informed that it would be given the opportunity to match Plaintiff's bid for the twenty parcels of land in question.  On August 28, 2007, the Quinault Indian Nation informed the BIA that it intended to match plaintiff's bid for the 20 parcels in question.  However, on August 29, 2007, the Quinault Indian Nation filed notice of Appeal with the Department of the Interior's Office of Hearings and Appeals, Interior Board of Indian Appeals, alleging that their initial bid was in fact the highest bid and they were improperly denied highest bidder status.  This appeal is still on going.

**II.     Analysis**

The BIA's decision to grant the Quinault Indian Nation with the opportunity to match plaintiff's bid for the twenty parcels for which plaintiff was the high bidder does not constitute a final action; therefore, this Court does not have jurisdiction.  Fed. R. Civ. P. 12(b)(1).  The Administrative Procedure Act (hereafter APA) allows for judicial review of "final agency action."  5 U.S.C. § 704.  The Supreme Court has held that two criteria must be met to determine if an agency action is final.  First, the agency action must mark the "consummation" of the decision making process. *Bennett v. Spear*, 520 U.S. 152, 178 (1997).  Second, the agency action must "determine rights and obligations"  from which "legal consequences will flow." *Id.*

The Quinault Indian Nation's Appeal regarding its claim as the highest bidder has not yet been decided.  Because the BIA has not resolved the Appeal regarding the identity of  the high bidder at auction, it has not completed its decision making process and the first criteria has not been met.  Therefore, there is no final agency action. Consequently this Court does not have jurisdiction to grant a preliminary injunction.

Because this Court is without jurisdiction the Court also dismisses  the Motion to Stay.

[DKT # 19 ]

### III. Conclusion

The Court finds that the BIA has not rendered a final action on the issue involving the twenty parcels in question. Therefore plaintiffs motion for preliminary injunction is DISMISSED for lack of subject matter jurisdiction. This case will be closed. Plaintiffs may move to reopen this case subject to the BIA's action in this matter becoming final.

DATED this 7th day of September, 2008.

*/s/ Ronald B. Leighton*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE